ELLIS, Judge:
This suit was originally filed by International Export Packers of Louisiana, Inc., against the State of Louisiana and the Department of Revenue and Taxation seeking a sales and use tax exemption certificate. The State answered and reconvened for sales and use taxes allegedly due by plaintiff. Plaintiff’s main demand was dismissed, and the case was later tried on the reeonventional demand. Judgment was rendered dismissing the reeonventional demand in part, and the State has appealed.
The case was tried on a stipulation of facts which states, in part:
*1362 “3. IEP has been in the business of providing export packing services since 1959 and provided similar services during the period from January 1, 1974, through December 31, 1978.
“4. IEP maintains a plant located at what is known as the Nashville Avenue Wharf Complex, which contains approximately 40,000 square feet of improvements situated on approximately 4 acres of land, and has been situated at this location since 1974.
“5. These export packing services carried on by IEP consist principally of boxing and crating equipment and/or materials owned by third parties delivered to IEP for shipment outside the United States. These items for shipment are received by IEP at its plant where its packing activities take place and from there are drayed to the wharf area for shipment.
“6. All of the equipment and/or material delivered to IEP for packing are for shipment outside the United States.
“7. Because of the various shapes, sizes and weights of the items to be packed for shipment, it is generally necessary for the crates to be custom built and in these instances the crates are built only after the equipment and/or materials have arrived. In some instances, when it is known that the equipment and/or materials can be packed in standard size boxes or crates, these boxes or crates are produced prior to the date of arrival of such items.”
All goods packed by International are shipped directly to the foreign buyer of the goods. Payment is ultimately made by the foreign buyer. The question presented by this appeal is whether sales and use tax should be paid on materials purchased to be incorporated in the packing cases manufactured by plaintiff.
Article 1, § 10, paragraph 2 of the Constitution of the United States, provides:
“No State shall, without the Consent of the Congress, lay any Imposts or Duties on Imports or Exports, except what may be absolutely necessary for executing its inspection Laws: and the net Produce of all Duties and Imposts, laid by any State on Imports or Exports, shall be for the Use of the Treasury of the United States; and all such Laws shall be subject to the Revision and Control of the Congress.”
In accordance with the above constitutional requirement, the legislature of this state has adopted R.S. 47:305(5) which provides:
“It is not the intention of this Chapter to levy a tax upon articles of tangible personal property imported into this state, or produced or manufactured in this state, for export; nor is it the intention of this Chapter to levy a tax on bona fide interstate commerce. It is, however, the intention of this Chapter to levy a tax on the sale at retail, the use, the consumption, the distribution, and the storage to be used or consumed in this state, of tangible personal property after it has come to rest in this state and has become a part of the mass of property in this state.”
R.S. 47:305.10 provides:
“There shall be no sales tax due upon the sale at retail of tangible personal property purchased within Louisiana for use exclusively beyond the territorial limits of Louisiana. If tangible personal property purchased tax free under the provisions of this Section is later brought into Louisiana for use herein the property shall be subject to the Louisiana use tax as of the time it is brought into the state for use herein, subject to the credit provided in R.S. 47:303(A).
“If the first use of tangible personal property purchased in Louisiana for use beyond the territorial limits of the state occurs in a state which imposes a sales or use tax, the exemption provided herein shall apply only if:
“1. The purchaser is properly registered for sales and use tax purposes in the state of use and regularly reports and pays sales and use tax in such other state; and “2. The state in which the first use occurs grants on a reciprocal basis a similar exemption on purchases within that state for use in Louisiana; and
*1363 “3. The purchaser obtains from the Collector of Revenue of Louisiana a certificate authorizing him to make the nontaxable purchases authorized under this Section.
“The Collector of Revenue shall promulgate regulations for the implementation of this Section.”
The stipulation makes it clear that all of the packing cases built by International are, in fact, exported to other countries. They are therefore manufactured in this state for export, and for use beyond the territorial limits of Louisiana. Under the terms of R.S. 47:305(5) and 47:305.10 no sales tax is due on the materials purchased to be used in the manufacture of the packing cases.
Since defendant does not assign as error any other ruling of the court below, the judgment appealed from is affirmed. Costs of $411.35 are assessed against the defendant.
AFFIRMED.