495 So.2d 1295 (1986)
ST. PIERRE'S FABRICATION AND WELDING, INC.
v.
Shirley McNAMARA, Secretary, Department of Revenue and Taxation, State of Louisiana.
No. 86-C-0666.
Supreme Court of Louisiana.
October 20, 1986.
*1296 Marlon V. Harrison, Secretary of the Dept. of Revenue & Taxation, Legal Section, Baton Rouge, for applicant.
Ralph Miller, George E. Gilkers, Norco, for respondent.
COLE, Justice.
We granted an application by the State of Louisiana, through the Department of Revenue and Taxation, (Department), for a writ of certiorari to review the judgment of the Court of Appeal, Fifth Circuit, affirming the dismissal of an assessment of general sales tax allegedly due from St. Pierre's Fabrication and Welding, Inc., (St. Pierre). The Department contends St. Pierre is liable for the uncollected sales tax, plus penalties and interest, despite possible contrary information given by an agent of the Department. Reliance is placed upon Claiborne Sales Company, Inc. v. Collector of Revenue, 233 La. 1061, 99 So.2d 345 (1957), rehearing denied.
St. Pierre was notified by the Department in February of 1983 of an assessment of $22,472.82 plus penalties and interest for failure to pay certain Louisiana general sales taxes due for the period of January 1, 1979 through September 30, 1982. This assessment was the result of an audit of St. Pierre conducted by the Department in February of 1983.
Under the provisions of La.R.S. 47:1565, St. Pierre filed a timely petition to the Louisiana Board of Tax Appeal (Board). On July 26, 1984, the Board, without assigning reasons, rendered judgment in favor of St. Pierre vacating and setting aside the entire sales tax assessment including penalties and interest. The Department appealed the decision to the 29th Judicial District Court. That court affirmed the decision of the Board finding no manifest error in the Board's ruling. Subsequently, the Department appealed to the Court of Appeal, Fifth Circuit. The Court of Appeal affirmed. St. Pierre's Fabrication & Welding, Inc. v. McNamara, 485 So.2d 544 (La.App. 5th Cir.1986). For the following reasons we reverse and render.

ISSUES
The first question presented is whether or not the Department may be estopped from collecting Louisiana general sales tax, assuming erroneous information is given a taxpayer by a Department agent to the effect the tax is not due.
Secondly, we must determine if the taxpayer was in good faith in failing to collect the tax and if so, whether such good faith bars the collection of a penalty.

FACTS
St. Pierre is a Louisiana corporation engaged in contracting, fabricating and providing welding services and equipment. St. Pierre also manufactures for sale a metal product called a "slip by" which is a circular piece of metal used to block the flow in a section of pipe to allow another section to be reworked. Most of these items were sold to Shell Oil Company at Norco (Shell Oil).
In testimony given before the Board, Mr. St. Pierre admitted his company was selling items subject to Louisiana general sales tax and had been charging tax on these items as required since 1983.
*1297 On January 30, 1981, St. Pierre submitted an application to the Department for a Sales Tax Certificate. In the application form (line 16, Reason for Applying), St. Pierre wrote "Started selling taxable items." On line 20 it described the nature of its business activities as sales of "metal."
In response to this application St. Pierre received a letter from Department employee, Mrs. Eva Chatelain. At the time of her testimony before the Board, Mrs. Chatelain had been employed by the Department for twenty-five years. As a part of her duties she processed applications for retail dealer's licenses and sales tax certificates. In the response sent to St. Pierre, Mrs. Chatelain wrote the following: "We show you registered as a Contractor and not liable for State Sales Tax. Any tax you pay should be recovered in your total contract price. Should you begin selling items not included in your contract work, you will need to apply for Retail Dealer's License and Sales Tax Certificate." (Emphasis added.)
During her questioning before the Board, Mrs. Chatelain was asked about the notation in the application indicating St. Pierre had "Started selling taxable items." In response Mrs. Chatelain said, "I don't recall seeing it if it was there. If it was it was just something I overlooked and I should have called the man, I suppose to find out exactly...." Though the record from the Board is not clear, the Court of Appeal accepted as fact the handwritten notation on lines 16 and 20 of St. Pierre's application were made prior to the time the application was mailed to the Department. Since it is not critical to the resolution of this matter, we also accept this as fact.
St. Pierre contends, based on the language of the February 16th letter, the Department made an erroneous determination St. Pierre was not liable for the collection of sales tax. Because of this error, it argues the Department should be now estopped from collecting the sales tax. This argument was accepted by the lower courts. However, in light of the established rule of Claiborne, supra, we disagree.

OPINION
The Department has urged throughout this litigation if erroneous statements were made by one of its agents, this would not estop the Department from thereafter seeking to collect the tax, provided the language of the statute imposing the tax is clear and unambiguous as applied to the taxpayer. Claiborne, supra; Traigle v. Parish of Calcasieu, 296 So.2d 411 (La. App. 3d Cir.1974); Collector of Revenue v. J.L. Richardson Company, 247 So.2d 151 (La.App. 4th Cir.1971), writ refused 258 La. 915, 248 So.2d 586 (1971).
While we agree with our brothers of the Fifth Circuit that Claiborne, Traigle and Richardson are factually distinguishable from St. Pierre, we disagree the rule of law long established by these cases is inapplicable to the matter at hand.
In Claiborne, this court was faced with two issues. First, it was necessary to determine if Claiborne was a retailer. Second, if it was a retail dealer, was it liable for the sales tax since allegedly the Department had twice determined Claiborne was not subject to the sales tax laws. As in St. Pierre, the taxpayer in Claiborne urged estoppel. There we held the state could not be estopped from collecting the tax in spite of the advice given by the agent since there was no ambiguity in the language of the statute and its construction as applied to the defendants. Cited for authority was the earlier case State v. J. Watts Kearny & Son, 181 La. 554, 160 So. 77 (1934), rehearing denied. In Claiborne we made note there was no evidence in the record to support the allegation the deputy collector had twice refused Claiborne's application for a dealer's registration certificate. This refusal was the error urged in Claiborne in support of the taxpayer's claim of estoppel. The court, however, concluded even with sufficient proof of an erroneous determination by an agent, "the acts of these agents cannot now estop the state in view of the plain language of the statute...." Claiborne, supra. In the case before us to apply the holding of Claiborne, it is only necessary we find the language of the statute *1298 clear and unambiguous as applied to St. Pierre.
The statute under which the tax was assessed is La.R.S. 47:302(A) which provides:
There is hereby levied a tax upon the sale at retail, the use, the consumption, the distribution, and the storage for use or consumption in this state, of each item or article of tangible personal property....
"Sale at Retail" is defined in La.R.S. 47:301(10) as follows:
"Retail Sale", or "sale at retail," means a sale to a consumer or to any other person for any purpose other than for resale in the form of tangible personal property....
We find the provisions of these statutes quite clear. St. Pierre, in addition to its contracting operation, was producing items of tangible personal property and selling these items to an ultimate consumer. In fact it was the consumer, Shell Oil, which initially requested St. Pierre verify the sales were not subject to state sales tax because of their concern they should be paying tax on the purchase of "slip bys."
We conclude the provision of La. R.S. 47:301 et seq. to be clear and unambiguous as applied to St. Pierre and therefore the state may not be estopped from collection of the general sales tax and interest.
Considering the question of the taxpayer's good faith and its effect upon the assessment of a penalty, we are unable to say the Board committed manifest error in its obvious conclusion the taxpayer was in good faith. The standard of review of a decision of the Board of Tax Appeals is correctly enunciated in Collector of Revenue v. Murphy Oil Co., 351 So.2d 1234 (La.App. 4th Cir.1977). Judicial review of a decision of the Board is rendered upon the record as made up before the Board and is limited to facts on the record and questions of law. The Board's findings of fact should be accepted where there is substantial evidence in the record to support them and should not be set aside unless they are manifestly erroneous in view of the evidence on the entire record. Murphy, supra. In this case there are factors mitigating against the taxpayer's good faith but there is also substantial evidence in support of such a finding. It would not be proper for us to substitute our judgment for that of the Board. Application of the standard of review mandates we accept the factual premise upon which the Board decided the matter.
In Collector of Revenue v. J.L. Richardson Company, supra, imposition of the penalty was declined because the taxpayer was under the belief it had a legal right not to make tax returns and its failure to file such returns was not done with any intention to avoid payment. This case also presents an equitable situation warranting the taxpayer relief from the penalty phase of the assessment.
Accordingly, we reverse the judgments rendered below and reinstate the original assessment made by the Secretary of the Department of Revenue and Taxation, less that portion designated as a penalty which we decree not to be due.
REVERSED AND RENDERED.
DENNIS, J., dissents for the reasons assigned by the court of appeal.
LEMMON, J., dissents and will assign reasons.