I2DALEY, Judge.
hThe Greater New Orleans Expressway Commission (GNOEC) appeals a judgment from the district court which affirmed a ruling by the Board of Tax Appeals (Board) finding that the GNOEC is not exempt under LSA-R.S. 47:305.29 for the payment of state sales and use taxes on purchases it made from January 1, 1981 through March 31, 1984, and January 1, 1985 through July 31, 1988, and on purchases of motor vehicles it made from September 5, 1985 through June 9,1988. On appeal, GNOEC argues that it is a state agency or commission as contemplated by LSA R.S. 47:305.29, and thus is exempt from the payment of state sales and use taxes. Additionally, GNOEC argues that under LSA-R.S. 33:1324, 1332, and 1334, as a joint commission between two parish governing authorities, it is also specifically exempted from paying state sales and use taxes.
This appeal is a consolidation of two suits before the Board of Tax Appeals. The first suit (Board docket no. 2647) involved the assessment of sales taxes for the ^period of January 1, 1981 to March 31, 1984. The Board held in favor of the Department in a judgment signed January 7, 1986. This suit was appealed to the district court on January 30, 1986, pursuant to LSA-R.S. 47:1434. The second suit (Board docket nos. 3476 and 3487) concerned the assessment of sales taxes on cars purchased from 1985-1988 and the sales taxes .assessed from 1985-1988. The Board rendered judgment in favor of the Department on January 18, 1991. The second judgment was appealed to the district court on February 4, 1991. The two appeals were consolidated in the district court on April 29,1992.
On October 16, 1995, the district court affirmed the Board of Tax Appeals, finding that the Board’s conclusion that the GNOEC was not a governing authority was not manifestly erroneous. The district court further found that no specific exemption existed for a “joint parish commission,” as argued by the GNOEC. Thereafter, the GNOEC perfected this appeal.[1] After thorough review of the record and applicable law, we reverse.
Constitutional and statutory grants of exemption from taxation must be strictly construed in favor of the taxing body, and against the taxpayer desiring the exemption. Thus, an exemption, being an exceptional privilege, must be clearly, unequivocally, and affirmatively established. Louisiana Power & Light Co. et al v. The Parish School Board *959 of the Parish of St. Charles et at, 597 So.2d 578 (La.App. 5 Cir.1992).
Judicial review of a decision of the Board of Tax Appeals is rendered upon the record as made up before the Board and is limited to facts on the record and questions of law. The Board’s findings of fact should be accepted where there is substantial evidence in the record to support them and should not be set aside unless they are 15manifestly erroneous in view of the evidence on the entire record. St. Pierre’s Fabrication and Welding, Inc. v. McNamara, 495 So.2d 1295 (La.1986).
In its first issue on appeal, GNOEC argues that it is an exempt state agency or commission under LSA-R.S. 47:305.29, which was added to Title 47 by Acts 1980, no. 616, effective October 1,1980. This section originally read:
§ 305.29. Exclusion and exemptions; state; certain local political subdivisions
A. The sales and use taxes imposed by the state of Louisiana under R.S. 47:302 and R.S. 47:321 shall not apply to purchases by school boards and parish and municipal governing authorities.
In Acts 1981, no. 689, effective October 1, 1981, Section 305.29 was amended to add “and parish hospital districts” after parish and municipal governing authorities. Acts 1981, no. 699, effective September 11, 1981, added “law enforcement districts” to the list of exempt entities.
Acts 1982, no. 612, § 1 amended and reenacted R.S. 47:305.29 to read as follows:
“The sales and use taxes imposed by the state of Louisiana under R.S. 47:302 and R.S. 47:321 shall not apply to purchases by the state or any of its agencies, boards, or commissions, school boards, parish and municipal governing authorities, law enforcement districts, and parish hospital service districts.” (emphasis on added language)
Acts 1985, no. 639, effective July 16, 1985, added parish and municipal libraries to the list of exempt entities, following parish hospital service districts. There have been no other amendments to R.S. 47:305.29 since that time. The GNOEC is not, and has never been, listed specifically as an exempt entity.
The GNOEC was established by the specific authority of the La. Constitution of 1921, Art. 6, § 22(g)(5). The constitutional provisions for the GNOEC earmarked for it funds from State Highway Fund No. 2, which consists of taxes from licensing from a six parish area (Jefferson, Orleans, St. Charles, St. John, Tangipahoa, and St. | ^Tammany). The GNOEC was officially created by Articles of Incorporation between the Parishes of Jefferson and St.Tammany in October, 1954, pursuant to the statutory authority found in LSA-R.S. 33:1321-1332.
The GNOEC argues that the trial court looked only to whether the GNOEC could be considered a governing authority, and affirmed the Board of Tax Appeals’ ruling on the basis that the GNOEC is not a governing authority, and did not consider whether the GNOEC was a state agency or commission. In its Petition for Appeal to the district court, the GNOEC specifically alleged that it was a governing authority.
We will consider GNOEC’s argument that it is a state agency or commission. Title 47 does not define state agency or commission. The Constitution and Revised Statutes contain many different definitions of state agency, but these definitions are not consistent. For example, see Article VI, § 44 of the La. Constitution of 1974, R.S. 13:5102, 23:1034, 24:781, 25:121.1, 38:2310, 39:132, 39:1527, 39:1952, 40:600.2, 42:1002, 42:1261, 49:662, and 49:951.
Because the statutes’ definitions are inconsistent and provide little guidance, we turn to the Attorney General’s opinions which define state agencies in the context of taxation. A thorough review of these opinions shows neither consistency nor continuity. For instance, the Lafourche Drainage District No. 1 is not exempt from taxation (La. Atty Gen Op. 83-303), nor is the Jefferson Davis Parish Mosquito Abatement District No. 1 (La. Atty Gen Op. 86-149), the Nineteenth Judicial District Court (La. Atty Gen Op. 86-119), or the Lafayette Parish Communication District (La. Atty Gen Op. 88-514, citing LSA- *960 R.S. 13:5102). However, City Courts are exempt, citing LSA-R.S. 25:121.1(2), 39:82(A), and 39:1527 (La. Atty Gen Op. 86-301). Councils on Aging are exempt state agencies for taxation (La. Atty Gen Op. |785-198), but are not state agencies for state property laws and the Procurement Code (La. Atty Gen Ops. 85-246 and 85-425).
A review of these opinions shows that no uniform, consistent methodology or interpretation was used to reach these results. We note that these opinions are advisory, and due to the inconsistency that exists within them, we give little weight to their conclusions. Because we can find no clear statement in the-statutes or jurisprudence regarding whether the GNOEC is an exempt state agency or commission for the purposes of the state sales and use tax found in LSA-R.S. 47:305.29, we return to the clear, succinct rule that an exemption, being an exceptional privilege, must be clearly, unequivocally, and affirmatively established. Louisiana Power & Light Co. et al v. The Parish School Board of the Parish of St. Charles et al., supra. Furthermore, when the legislature enumerates a series of things, its omission of other items, which could have easily been included in the statute, is deemed intentional. State Through Department of Public Safety and Corrections, Office of State Police, Riverboat Gaming Div. v. Louisiana Riverboat Gaming Com’n and Horseshoe Entertainment, 94-1872 (La. 5/22/95), 655 So.2d 292. Therefore, the trial court was not manifestly erroneous in its finding that the GNOEC was not exempt under LSA-R.S. 47:305.29.
In its second issue on appeal, GNOEC also argues that the trial court failed to consider the plain, unambiguous language of LSA-R.S. 33:1334. They claim that the language of R.S. 33:1334 clearly exempts the commission from all taxation in Louisiana.
I sLSA-R.S. 33:1334 in pertinent part reads:
§ 1334. Issuance of revenue bonds by commissions; prescriptive period D. The commission is hereby declared to be performing a public function and to be a body politic and political subdivision of the state of Louisiana as defined in Art VI, Section 44 of the Louisiana Constitution, with all rights, powers, and authority granted to political subdivisions of the state under the constitution and general laws of the sate, including, without limitation, the provisions of R.S. 31:149. Accordingly, the commission and all properties at any time owned by it and the income therefrom and all bonds issued by it and the income therefrom shall be exempt from all taxation in the state of Louisiana. Also, for purposes of R.S. 51:704(2), and any amendment thereto or substitution therefor, bonds issued by the commission shall be determined to be securities issued by a political subdivision of the state of Louisiana, provided, however, that nothing in Subsection D shall be construed as altering jurisprudentially established rules governing the responsibilities of a municipal corporation when engaged in the operation of a public utility, [emphasis added]
In their appellate brief, the Department of Revenue claims that this statute only exempts the commission from property and income taxes. In its reply brief, GNOEC argues that the wording of the statute clearly exempts GNOEC and similar commissions from all taxation in this state, including but not limited to property and income taxes. GNOEC argues that had the legislature meant to exempt the commission from only income and property taxes, the first emphasized “and” would not have been included in the statute. We believe they are correct. We find that the language “the commission ... shall be exempt from all taxation in the [s]tate of Louisiana” is unambiguous. The sentence evidences a clear intention by the Louisiana Legislature to exempt the GNOEC from all taxes, including sales taxes.
LSA-R.S. 33:1324 grants authority to parishes to join together for the purposes of public improvements for the acquisition or improvement of any public project. This statute specifically includes the authority to join together for the construction of bridges and causeways. LSA-R.S. 33:1332 allows for the formation of a commission |sas an agency and instrumentality of such parish or municipality to administer joint projects.
*961 GNOEC’s position is logically supported by the fact that the Parish of Jefferson and the Parish of St. Tammany could both independently purchase equipment and vehicles for highway use and street improvements without being subject to sales tax. -It is illogical to assume that parishes operating jointly through a commission authorized by the State for the purposes of building a highway and maintaining that highway would not be entitled to same tax privileges.
In conclusion, we find that the trial court’s finding of fact that the GNOEC was not a state agency or commission was not manifestly erroneous. However, the clear language of LSA-R.S. 33:1334 exempts the commission from all taxes in Louisiana. Therefore, we reverse the district court’s judgment and we hold that GNOEC is exempt from Louisiana state sales tax pursuant to LSA-R.S. 33:1334.
REVERSED.

. Appeal from the district court is to the appropriate Court of Appeal. Trorlicht v. Collector of Revenue, 209 La. 167, 24 So.2d 366 (1946).