# STATE OF LOUISIANA

## COURT OF APPEAL, THIRD CIRCUIT

### 10-825

AMERICAN MOVING AND STORAGE
OF LEESVILLE, INC.

VERSUS

CYNTHIA BRIDGES, SECRETARY,
DEPARTMENT OF REVENUE

**\*\*\*\*\*\*\*\*\*\***

APPEAL FROM THE
THIRTIETH JUDICIAL DISTRICT COURT
PARISH OF VERNON, NO. 82,098-C
HONORABLE JAMES R. MITCHELL, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***

JAMES T. GENOVESE
JUDGE

**\*\*\*\*\*\*\*\*\*\***

Court composed of Jimmie C. Peters, James T. Genovese, and David E. Chatelain,\*
Judges.

**AFFIRMED.**

**Miranda Y. Conner**
**Shone T. Pierre**
**Frederick Mulhearn**
**Donald Bowman**
**Antonio Ferachi**
**Post Office Box 4064**
**617 North Third Street**
**Baton Rouge, Louisiana  70821-4064**
**(225) 219-2080**
**COUNSEL FOR DEFENDANT/APPELLANT:**
        **Department of Revenue, State of Louisiana**

---

\*Honorable David E. Chatelain participated in this decision by appointment of the Louisiana
Supreme Court as Judge Pro Tempore.

**Robert R. Casey**
**Jones, Walker, Waechter, Poitevent, Carrere & Denegre, L.L.P.**
**8555 United Plaza Boulevard, Fifth Floor**
**Baton Rouge, Louisiana  70809**
**(225) 248-2090**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
   **American Moving and Storage of Leesville, Inc.**

**GENOVESE, Judge.**

The Department of Revenue, State of Louisiana (Department), appeals the trial court's affirmation of a decision of the Board of Tax Appeals which concluded that no tax was due by American Moving and Storage of Leesville, Inc. (American).  For the following reasons, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

American is engaged in the business of packing the personal goods of military personnel for shipment and shipping them to other bases from Fort Polk, Louisiana.  American purchases raw materials, such as corrugated cardboard, lumber, nails, and tape, to construct the crates and boxes that it uses to ship the goods.

The Department conducted an audit of American's financial records for the tax period of January 1, 2004, through December 31, 2006.  In May of 2007, the Department sent a notice to American stating that it owed sales tax in the amount of $23,999.00, plus interest.  American contested the Department's assessment of the tax owed by filing a petition with the Board of Tax Appeals (Board).[1]

A hearing was held on August 11, 2009, after which the Board took the matter under advisement.  On September 9, 2009, the Board issued a written judgment wherein it declared:

> It is the ruling of the Board that all of the purchases made by [American] of corrugated cardboard, lumber, nails, tape[,] and other materials used by [American] to construct boxes and crates to ship articles outside of the state were articles of tangible personal property produced or manufactured in this state for export and/or are in interstate

---

[1]Louisiana Revised Statutes 47:1401 provides:

> In order to provide a board that will act as an appeal board to hear and decide, at a minimum of expense to the taxpayer, questions of law and fact arising from disputes or controversies between a taxpayer and the collector of revenue of the State of Louisiana in the enforcement of any tax, excise, license, permit or any other tax law administered by the collector, the Board of Tax Appeals, hereinafter referred to as the board, is created as an independent agency in the executive department of the state government, and for the purposes of this Chapter.

commerce as contemplated by [La.]R.S. 47:305(E) and are therefore excluded from the Louisiana sales tax.

The Board found in favor of American and vacated the Department's tax assessment.

The Department filed a Petition for Judicial Review of a Decision of the Louisiana Board of Tax Appeals with the trial court pursuant to the provisions of La.R.S. 47:1434.[2] The Department's petition to the trial court asserted:

1. The Board erred in ruling that all of the purchases made by [American] of corrugated cardboard, lumber, nails, tape[,] and other materials used by [American] to construct boxes and crates to ship articles outside the state were tangible personal property purchased or manufactured in this state for export and/or are in interstate commerce as contemplated by [La.]R.S. 47:305(E) and are therefore excluded from the Louisiana sales tax.

2. The Board erred in not applying the correct principal [sic] of law to the fact[s] of the case.

---

[2]Louisiana Revised Statutes 47:1434 provides:

After a decision or judgment of the board, the collector or the taxpayer may, within thirty calendar days after such decision or judgment has been rendered and signed, file a petition with the district court in accordance with the provisions hereinafter set out, for review of the said decision or judgment of the board. The party filing such petition shall before the filing of same, either at open hearing or by motion, notify the board of his intention to file such petition for review. Provided that when the board has found any tax to be due, a taxpayer must, when giving the notice of intention to file a petition for review, post bond, with surety approved by the board conditioned upon the payment of the tax as finally determined, together with any interest, additional amounts or additions to the tax provided for by law, payable to the collector, in an amount not to exceed one and one-half times the said tax, interest, and penalty found to be due in said decision or judgment of the board, and the posting of such bond shall be a condition precedent to the filing of any petition for review in any district court.

Thereafter, and within the thirty calendar days from the date of the rendering and signing of such decision or judgment of the board, the taxpayer may file his petition for review with the proper district court, setting forth specifically any errors which may have been committed by the board in reaching its decision or judgment.

When the district judge has ordered the review, a copy of the order and petition shall be mailed to the secretary-clerk of the board, and the opposing party or counsel representing him, and the order shall command the secretary-clerk of the board to send up within twenty days from the date thereof the original transcript of the record, together with all exhibits and evidence thereto attached; which record shall be the basis for any action on review and the decision of the district court shall be rendered upon the said record as made up before the board.

3.     The Board erred in vacating and setting aside the assessment issued by the Department.

The trial court affirmed the decision of the Board.  In its Written Reasons, the trial court stated:

> This review is limited to a review of the facts in the record and to the question of whether the Board correctly applied . . . Louisiana law to these facts.  This [c]ourt can only set aside the Board's ruling if it is manifestly erroneous based on the facts of the entire record or if the Board has incorrectly applied the existing relevant law concerning this issue.
>
> A review of the record in this matter reveals that the facts of this matter are not in question.  All of the materials in question were purchased by American Moving for their use in building crates to ship goods out of the State of Louisiana.  The Board's factual findings are supported by the evidence in the record, accordingly there [is] no error in the Board's application of the facts.
>
> The Board, further, correctly, [sic] applied the Louisiana Revised Statutes 47:305(E) which provides [in pertinent part]:
>
>> It is not the intention of [any taxing authority] to levy a tax upon articles of tangible personal property imported into this state, or produced or manufactured in this state, for export; nor is it the intention of [any taxing authority] to levy a tax on bona fide interstate commerce . . . [.]
>
> This application followed the ruling in a similar factual case, [*International Export Packers of Louisiana, Inc. v. Louisiana*, 422 So.2d 1361 (La.App. 1 Cir. 1982)].  Therein[,] tangible personal property used to build crates for exporting items outside of Louisiana were excluded from Louisiana sale taxes.  The Board found no distinction between that case and the activities of American Moving [and] Storage of Leesville, Inc.

The trial court signed a judgment to this effect on April 14, 2010.  It is from this judgment that the Department appeals.

**ASSIGNMENTS OF ERROR**

On appeal, the Department raises the following assignments of error:

[1]     The Board of Tax Appeals and the [trial court] erred by failing to rule that a use tax is due on American Moving's storage, use and

3

consumption of the corrugated cardboard, lumber, nails[,] and tape within this state as required under La.R.S. 47:301(19).

[2] The Board of Tax Appeals erred by ruling that all of the purchases made by American Moving of corrugated cardboard, lumber, nails, tape, and other materials used by American Moving to construct boxes and crates to ship articles outside of the state were articles of tangible personal property produced or manufactured in this state for export and/or are in interstate commerce as contemplated by [La.]R.S. 47:305(E) and are therefore excluded from the Louisiana sales tax.

[3] The [trial court] erred by upholding a judgment of the Board of Tax Appeals, which is clearly contrary to law and evidence and[,] therefore[,] manifestly erroneous.

## STANDARD OF REVIEW

In reviewing the trial court's affirmation of the Board's decision, we are mindful of the standard of review as explained by this court in *Hanover Compressor Co. v. Department of Revenue, State of Louisiana*, 02-925, pp. 5-6 (La.App. 3 Cir. 2/5/03), 838 So.2d 876, 879-80:

> The scope of the judicial review of the Board of Tax Appeals is not controlled by the administrative procedure law found at La.R.S. 49:951, *et seq*. Instead, it is exempted from those provisions by La.R.S. 49:967. In *Collector of Revenue v. Murphy Oil Co.*, 351 So.2d 1234 (La.App. 4 Cir.1977), the Board of Tax Appeals was described as acting as a trial court. A trial court's jurisdiction to review a decision of the Board is provided by La.R.S. 47:1435, as follows:

>> The district courts shall have exclusive jurisdiction to review the decisions or judgments of the board, and the judgment of any such court shall be subject to further appeal, suspensive only, in accordance with law. If a suspensive appeal is taken from a judgment of the district court[,] no further bond need be posted and the bond originally posted remains in full force and effect to guarantee the payment of any tax, interest, and penalty until final decision of the court.

>> Upon such review, such courts shall have the power to affirm or, if the decision of the judgment of the board is not in accordance with law, to modify, or to reverse the decision or judgment of the board, with or without

4

remanding the case for further proceedings as justice may require.

The trial court is required to conduct its review upon the record that was before the Board. *Crawford v. American Nat. Petroleum Co.*, 00-1063 (La.App. 1 Cir. 12/28/01); 805 So.2d 371. It considers only facts on the Board's record and questions of law. *Id*. The Louisiana Supreme Court observed in *St. Pierre's Fabrication and Welding, Inc. v. McNamara*, 495 So.2d 1295 (La.1986), that the Board's findings of fact are to be accepted by the reviewing trial court where there is substantial evidence in the record to support them. These findings of fact are not to "be set aside unless they are manifestly erroneous in view of the evidence on the entire record." *Id*. at 1298. The Board's decision must be affirmed absent legal error or a failure to follow the correct procedural standards. *Murphy Oil Co.*, 351 So.2d 1234. *See also Crawford*, 00-1063; 805 So.2d 371.

## LAW AND DISCUSSION

The Department asserts that American purchases and imports the materials it uses to construct the boxes and crates, i.e., corrugated cardboard, lumber, nails, and tape, from a company in Mississippi; thereafter, it consumes those materials when it constructs the boxes and crates that it uses to pack its customer's belongings. In brief, the Department argues that "a use tax is due on [American's] storage, use[,] and consumption of the corrugated cardboard, lumber, nails[,] and tape within this state as required under La.R.S. 47:301(19)."

Louisiana Revised Statutes 47:301(19) provides:

"Use tax" includes the use, the consumption, the distribution, and the storage as herein defined. No use tax shall be due to or collected by:

(a) The state on tangible personal property used, consumed, distributed, or stored for use or consumption in the state if the sale of such property would have been exempted or excluded from sales tax at the time such property became subject to the taxing jurisdiction of the state.

(b) Any political subdivision on tangible personal property used, consumed, distributed, or stored for use or consumption in such political subdivision if the sale of such property would have been exempted or

5

excluded from sales tax at the time such property became subject to the taxing jurisdiction of the political subdivision.

American counters by asserting that "none of the items in question were purchased for 'use' in Louisiana[;]" instead, "[a]ll of [the items] were purchased for shipment of goods, and, therefore, for resale of those items to customers." Therefore, American argues that it is exempt from the state sales and use tax pursuant to the terms of La.R.S. 47:301(18)(a)(i). Louisiana Revised Statutes 47:301(18)(a)(i) provides, in pertinent part:

> Solely for purposes of the imposition of the state sales and use tax, "use" means and includes the exercise of any right or power over tangible personal property incident to the ownership thereof, except that it shall not include the sale at retail of that property in the regular course of business.

The Department also argues, in brief:

> [T]he corrugated cardboard, nails, lumber, and tape American . . . uses are taxable because they are not used to manufacture and produce the crates and boxes to be used in this state to pack its customer's possessions. [Instead,] the corrugated cardboard, nails, lumber, and tape American . . . uses are taxable because they are not in bona fide interstate commerce, but instead, they are brought into the state, stored, used, and consumed in the state of Louisiana by American . . . so that the company could provide the non-taxable services to its customers.

American counters that the purchase for export exclusion found in La.R.S. 47:305(E) applies because its "activities during the period in question were identical in all material respects to the activities of the taxpayer in [*International Exports*.]" Louisiana Revised Statutes 47:305(E) provides:

> It is not the intention of any taxing authority to levy a tax upon articles of tangible personal property imported into this state, or produced or manufactured in this state, for export; nor is it the intention of any taxing authority to levy a tax on bona fide interstate commerce; however, nothing herein shall prevent the collection of the taxes due on sales of tangible personal property into this state which are promoted through the use of catalogs and other means of sales promotion and for

6

which federal legislation or federal jurisprudence enables the enforcement of the sales tax of a taxing authority upon the conduct of such business. It is, however, the intention of the taxing authorities to levy a tax on the sale at retail, the use, the consumption, the distribution, and the storage to be used or consumed in this state, of tangible personal property after it has come to rest in this state and has become a part of the mass of property in this state. At such time as federal legislation or federal jurisprudence as to sales in interstate commerce promoted through the use of catalogs and other means of sales promotions enables the enforcement of this Chapter or any other law or local ordinance imposing a sales tax against vendors that have no other nexus with the taxing jurisdiction, the following provisions shall apply to such sales on which sales and use tax would not otherwise be collected.

Having reviewed the factual determinations made by the trial court and its reliance upon the appellate decision in *International Export*, we find no manifest error in the trial court's judgment.

### DECREE

For the foregoing reasons, the judgment of the trial court is affirmed. All costs of this proceeding are assessed to the Appellant, the Department of Revenue, State of Louisiana, in the amount of $1,133.76.

**AFFIRMED.**