PICKETT, Judge.
|,The Louisiana Board of Tax Appeals (BTA) found that Louis B. Viviano and Christy L. Viviano owed $715,075.00 in income taxes for the years 1990, 1991, and 1992. Cynthia Bridges, Secretary of the Louisiana Department of Revenue, appeals a judgment of the district court that reversed the findings of the BTA.

STATEMENT OF THE CASE

In December 1994, the Vivianos, who are married, received Notice of Assessments from the Department of Revenue for unpaid individual income taxes for the tax years 1990, 1991, and 1992. The Department alleged that the Vivianos were indebted to the state for the following amounts:
Year Tax due Interest Penalties Total due
1990 $165,558.00 $ 91,162.03_⅜ 41,389.50 $298,109.53
1991 $166,650.00 $ 66,723.32_$ 41,662.50 $275,035.82
1992 $ 79,692,00_$ 19,973.62_$ 23,907.60_$123,573.22
Total $411,900.00 $177,858.97 $106,959.60 $696,718.57
Rather than pay the assessed taxes, the Vivianos timely filed an appeal with the BTA pursuant to La.R.S. 47:1565. In their Petition for Redetermination of Assessments, the Vivianos alleged that they were residents of and domiciled in Florida during the relevant tax years, and therefore not liable for Louisiana state income taxes. This action was consolidated by the BTA with the Vivianos’ appeal of the assessment for 1989 income taxes. After discovery and numerous continuances, the BTA heard the Vivianos’ appeal on December 3, 2002, February 5, 2003, and April 1, 2003.
At the conclusion of the hearing, the BTA determined that the Vivianos were Louisiana residents for the purposes of the income tax statutes and that they were domiciled in Louisiana. The BTA determined that the assessment for 1989 was untimely. The BTA did reduce the income taxes due for 1990, 1991, and 1992 based on the Vivianos’ settlement of certain issues with the Internal Revenue Service which required them to repay certain amounts. The BTA also waived all penalties assessed Lby the Department of Revenue. The BTA found that for the three years, the Vivianos were liable to the state *1009 for $258,899.00 plus accrued interest through December 15, 2003 of $456,592.00, less a credit of $416.00 paid in 1990, for a total amount due of $715,075.00.
The Vivianos appealed the BTA’s determination that they were residents of Louisiana and owed state income taxes for 1990, 1991, and 1992 to the district court pursuant to La.R.S. 47:1434. Alternatively, they asked the district court to reduce the amount of interest owed. The Secretary did not appeal the dismissal of the 1989 assessment, the reduction of the taxes due, or the abatement of penalties, and those issues are final. Following extensive briefing and a hearing on July 15, 2011, the district court reversed the BTA and found the Vivianos were residents of Florida in 1990, 1991, and 1992, and that they did not owe Louisiana state income taxes for those years. The Secretary, on behalf of the Department of Revenue, now appeals that judgment.

ASSIGNMENTS OF ERROR

On appeal, the Secretary argues that the district court erred in reversing the decision of the BTA absent a finding that the decision was not in accordance with the law and in interpreting a tax statute in a manner that would lead to absurd consequences.

DISCUSSION

The supreme court enunciated the standard of review in appeals from decisions of the BTA in International Paper, Inc. v. Bridges, 07-1151, pp. 9-10 (La.1/16/08), 972 So.2d 1121, 1127-28 (footnotes omitted):
With regard to the appropriate standard of review for those decisions issued by the Board, La.Rev.Stat. § 47:1435 is instructive, as that statute provides that reviewing courts may reverse or modify decisions of the Board if those decisions are not in accordance with law. Further, this Court in St. Pierre’s Fabrication and Welding, Inc. v. McNamara, 495 So.2d 1295 (La.1986) stated:
|sThe standard of review of a decision of the Board of Tax Appeals is correctly enunciated in Collector of Revenue v. Murphy Oil Co., 351 So.2d 1234 (La.App. 4th Cir.1977). Judicial review of a decision of the Board is rendered upon the record as made up before the Board and is limited to facts on the record and questions of law. The Board’s findings of fact should be accepted where there is substantial evidence in the record to . support them and should not be set aside unless they are manifestly erroneous in view of the evidence on the entire record.
As the Murphy Oil Co. court annunci-ated:
In this type of case, the Board acts as a trial court, its findings of fact should be accepted where there is substantial evidence in the record to support them, and should not be set aside unless they are manifestly erroneous in view of the reliable, probative and substantial evidence on the whole record. If the Board has correctly applied the law and adhered to correct procedural standards, its judgment should be affirmed.
Thus, the district court is tasked with insuring that the BTA followed all procedural rules and followed the law. The district court may only reverse the factual findings of the BTA if those findings are manifestly erroneous. We apply the same standard of review in the court of appeal. Thus, we must determine if the BTA (1) followed the procedure outlined in Title 47, (2) correctly followed the applicable law in reaching its determination, and (3) had “substantial evidence in the rec *1010 ord” to support its factual findings. Id. See also Am. Moving and Storage of Leesville, Inc. v. Bridges, 10-825 (La.App. 3 Cir. 12/8/10), 53 So.3d 581, writ denied, 11-47 (La.3/4/11), 58 So.3d 476. We are not required to afford deference to the opposite conclusions of the district court acting as a court of judicial review pursuant to La.R.S. 47:1435.
We begin our review of this case with the applicable law. Louisiana Revised Statutes 47:31(1) defines who is liable for individual income taxes:
Resident individuals. Every person residing within the state, or the personal representative in the event of death, shall pay a tax on net income from whatever source derived, except as hereinafter exempted.
14Every natural person domiciled in the state, and every other natural person who maintains a permanent place of abode within the state or who spends in the aggregate more than six months of the taxable year within the state, shall be deemed to be a resident of this state for the purpose of determining liability for income taxes under this Chapter.
In this case, the BTA, in its reasons for judgment, stated:
After a review of all the documents introduced and the testimony adduced at trial, it is obvious to the Board that both of the Vivianos are not domiciled in nor did they reside in Florida and were domiciled and resided in Louisiana. They are therefore “Resident Individuals” as contemplated by LAS-R.S. 47:31(1).
The Vivianos claim that they purchased and moved into a condominium in Florida in 1989, and remained there throughout the years in dispute in this appeal. To support their contention, they introduced evidence that they registered to vote in Florida and actually voted, had a home with a homestead exemption in Florida and paid property taxes on that home, paid intangible property taxes in Florida, and received mail in Florida.
To support its assessment of taxes on the Vivianos as residents of Louisiana, the Department of Revenue introduced evidence that the Vivianos maintained their much larger home in Opelousas and the homestead exemption thereon. Their young son was enrolled in school in Opel-ousas beginning in the fall of 1990 and throughout the remainder of the 1991 and 1992. Mr. Viviano’s flight logs from the planes that he leased showed that the plane was in Louisiana far more often that it was in Florida. The vast bulk of the Vivianos’ mail was received in Opelousas, including mail from Florida. Mr. Viviano maintained his law office in Louisiana and operated several Louisiana corporations which the Vivianos owned. He served as agent for service of process for many of these companies, and he signed annual reports listing his address as Opelousas. The Vivianos’ credit card statements and telephone bills also showed that the Vivia-nos were in Louisiana far more often than they were in Florida. The BTA discredited the testimony of Mr. Viviano that the family moved to Florida in |s1989 to operate his blood plasma business and because his best friend had moved there.
The district court, after reviewing the evidence presented to the BTA, determined that the BTA committed manifest error. It found that the evidence supported the Vivianos’ claim that in 1989 they purchased a home in Destín, Florida, and established their domicile there. The district court also found that the Vivianos did not maintain a permanent place of abode in Louisiana. Finally, the district court found that the Department of Revenue did not prove that the Vivianos spent *1011 “in the aggregate more than six months of the taxable year” in Louisiana.
Our review of the record convinces us that the BTA followed the applicable law and that its findings of fact, that Vivianos were domiciled in and were residents of Louisiana, were supported by the evidence. The district court, therefore, erred in reversing the BTA’s judgment. The Department of Revenue correctly assessed the Vivianos with individual income taxes in 1990,1991, and 1992, and interest thereon, in the amount of $715,075.00.

CONCLUSION

The judgment of the district court is reversed and the judgment of the Board of Tax Appeals is reinstated. Costs of this appeal are assessed to Louis B. and Christy L. Viviano.
REVERSED AND RENDERED.
SAUNDERS, Judge, concurs in the result and assigns written reasons.