LeBLANC, Judge.
This is an appeal by the Department of Revenue and Taxation (Department) from a district court judgment which reversed a Board of Tax Appeals decision upholding a use tax assessment on certain transportation expenses incurred by Pensacola Construction Company. The Department has appealed.[1]
On February 28, 1984, Pensacola entered into a contract with the U.S. Corps of Engineers to realign certain sections of the Red River. In conjunction therewith, it purchased a large quantity of stone from Reed Crushed Stone Company, Inc. of Gilberts-ville, Kentucky. The stone was then transported at Pensacola’s expense from Kentucky to Louisiana by Ingram Barge Company. Pensacola paid Louisiana use tax on the price of the stone itself, but not on the transportation expenses. The Department maintains these expenses must be included *2 in the “cost price” of the stone for purposes of assessing use tax.
Relying on Chicago Bridge & Iron Company v. Cocreham, 317 So.2d 605 (La.1975), cert. denied, 424 U.S. 953, 96 S.Ct. 1427, 47 L.Ed.2d 359 (1976), Pensacola argues the assessment of use tax on those transportation expenses would unconstitutionally violate the Commerce Clause, Article 1, § 8, Clause 3 of the United States Constitution, because a comparable sales or use tax is not imposed on intrastate transportation expenses incurred by an in-state purchaser-user which like Pensacola, arranged its own transportation. The trial court agreed and rendered judgment for Pensacola on this basis. In opposition, the Department argues Chicago Bridge is not applicable under the facts of this case and that no unconstitutional discrimination exists because (1) an in-state purchaser in the same posture as Pensacola is assessed sales taxes on its intrastate transportation expenses, and (2) “[t]he only difference between the two situations is that one tax is called a sales tax ... and one is a use tax ...".
[[Image here]]
After careful consideration of the applicable statutes, we agree with the conclusion of Pensacola and the trial court that Chicago Bridge applies in the present case. In Chicago Bridge, the Louisiana Supreme Court held that the imposition of use tax on transportation expenses incurred by a manufacturer-user for shipping equipment from its out-of-state plant to an in-state job site violated the Commerce Clause because, no comparable tax was imposed on intrastate transportation expenses incurred by a manufacturer-user for shipping equipment from its in-state plant to an in-state job site. Although the taxpayer in the present case is a contractor-user rather than a manufacturer-user as in Chicago Bridge, the same reasoning applies by analogy. An examination of the applicable statutes, which in all pertinent respects have not been changed since Chicago Bridge was decided, reveals the same type of unconstitutional inequality exists in this case as in Chicago Bridge.
La.R.S. 47:302 A(2) and 47:331 A(2) impose a use tax upon the use, consumption, distribution or storage in this state of items of tangible personal property. The amount of use tax due is based on the “cost price” of a particular item. La.R.S. 47:301(3)(a) defines cost price as:
the actual cost of the articles of tangible personal property without any deductions therefrom on account of the cost of materials used, labor ... transportation charges, or any other expenses whatsoever, ... (emphasis added)
It is clear from this definition and the jurisprudence interpreting it, that the transportation charges incurred by Pensacola are included in the cost price for purposes of determining the use tax due. Chicago Bridge & Iron Company, supra; Mouton v. Klatex, Inc., 238 So.2d 1 (La.App. 1st Cir.), writ refused, 256 La. 873, 239 So.2d 365 (1970), appeal dismissed, 401 U.S. 968, 91 S.Ct. 1192, 28 L.Ed.2d 318 (1971). However, an examination of the pertinent statutes reveals discriminatory tax treatment because no corresponding sales tax is imposed on the costs of intrastate transportation arranged for and incurred by an in-state purchaser. Under La.R.S. 47:302 A(1) and 47:331 A(1) sales tax must be paid on retail sales, based on the “sales price” of the item sold. According to La.R.S. 47:301(13), a “sales price” is:
the total amount for which tangible personal property is sold, including any services ... that are a part of the sale valued in money....
Clearly, transportation arranged and paid for by the purchaser and provided by a third-party is not part of the “sale price” paid for an item. See, Chicago Bridge & Iron Company, supra.
In support of its contention that a sales tax is imposed on such intrastate transportation expenses, the Department relies on Rule 4301(13)[2], a regulation prom *3 ulgated by the Collector pursuant to the authority granted under La.R.S. 47:1511. This argument is without merit. First, La. R.S. 47:1511 provides that the regulations promulgated by the Collector under La.R.S. 47:1511 “shall not be inconsistent with the provisions of this Sub-title or other laws Further, a Department of Revenue regulation in itself is insufficient to impose a tax, which can only be imposed by the Legislature. Chicago Bridge & Iron Company, supra at 612; Dow Chemical Company v. Traigle, 336 So.2d 285, 288 (La.App. 1st Cir.), writ denied, 339 So.2d 845 (1976). Accordingly, insofar as the regulation might purport to impose a sales tax where the pertinent statutes do not, the regulation is invalid.
In any event, even under this regulation no tax would be due in this case, since the regulation clearly does not attempt to impose a tax on transportation costs when the seller has no obligation to deliver and the purchaser himself arranges for transportation of the goods purchased. In the present case, Pensacola’s comptroller, Herb Martin, indicated Pensacola independently contacted and contracted with Ingram Barge Company for interstate transportation of the stone purchased from Reed. He further testified that “in order to coordinate the shipment we asked that this be done through Reed Crushed Stone who [sic] had to coordinate the loading of the barges ...”. Mr. Martin indicated that for purposes of convenience, Ingram’s towing charges were invoiced by Reed as separate charges, but that Ingram eventually received the payments made for these transportation charges. This was corroborated by a letter filed in the record from a Reed Company official stating that the costs of the stone and the transportation costs were billed on a combined invoice for “reasons of simplification”. Finally, Mr. Martin stated he knew of no connection between Ingram and Reed. No evidence was presented in contravention of Mr. Martin’s testimony. For these reasons, we find the Department’s contention that Reed, rather than Pensacola, arranged or provided the transportation of the stone to Louisiana is not supported by the record.
Therefore, for the foregoing reasons, we conclude that La.R.S. 47:302 A(2) and 47:331 A(2) insofar as the use tax provisions impose a use tax upon the transportation expenses incurred by Pensacola in shipping the stone from Kentucky to Louisiana, are in violation of the Commerce Clause of the United States Constitution and are unconstitutional. The judgment of the trial court is affirmed. The Depart *4 ment is to pay appeal costs in the amount of $249.10.
AFFIRMED.

. In accordance with La.R.S. 13:4448, this Court notified the Attorney General’s office that an issue attacking the constitutionality of La.R.S. 47:301 et seq. insofar as applied to certain transportation costs was raised in this appeal. The Attorney General elected not to file a brief, but to concur in the brief filed by appellant, the Department of Revenue and Taxation.

. This regulation provides, in pertinent part, as follows:
This sub-section is intended to make it clear that sales price for purposes of the Louisiana sales tax law includes the total amount for *3 which tangible personal property is exchanged including any services, any materials used, labor or service cost that is included in the total for which the purchaser is billed.
[[Image here]]
Freight, delivery, handling, shipping and other services of a similar nature are included within the "sales price” base for sales tax purposes when such services are a part of the sale valued in money. In determining when such services are a part of the sale valued in money, resort should be had to the substance of the contract of sale between the seller and the buyer, and the substance of the agreement shall control over the form used by the parties. If the substance of the terms of the contract of sale is such that the seller is obligated to deliver, at his expense, the article of tangible personal property to the buyer, then in those instances it shall be deemed that the “sales price” includes the value of such services, and the sales tax base would include the value of such services. In determining the substance of a contract of sale as to whether the delivery services are the obligation of the seller or that of the buyer, resort may be had to the invoice evidencing the sale. Where the invoice evidencing the sale provides that the terms of the shipment are “F.O.B. destination," the transportation services shall be deemed to be the obligation of the seller and includable in the “sales price” as the basis for sales tax. Conversely, where the invoice evidencing the sale provides that the terms of sale are "F.O.B. origin,” and if the charges for such services are separately stated on the invoice, then the "sales price” shall be deemed not to include the separately stated charges for such services, and the charges for such services shall be excluded from the sales tax base. Whether the sale is one made in intrastate or in interstate commerce is not controlling since in either case the “sales price” shall be deemed to include the charges for such services if such services are rendered by the seller in discharge of his obligation to the buyer to furnish such services as stated hereinabove, and shall be deemed not to include the charges for such services where rendered by the buyer, either personally or through an independent contractor for the buyer’s account and at the buyer’s expense.