558 So.2d 231 (1990)
PENSACOLA CONSTRUCTION COMPANY
v.
Shirley McNAMARA, Secretary of the Department of Revenue and Taxation.
No. 89-C-2613.
Supreme Court of Louisiana.
March 12, 1990.
Concurring Opinion May 4, 1990.
Alva Smith, Jr., James C. Russell, Dept. of Taxation, for applicant.
William H. Cook, Jr., New Orleans, for respondent.
WATSON, Justice.
This appeal[1] concerns the assessment of a use tax on the cost of transporting goods *232 into Louisiana and the Commerce Clause of the United States Constitution.[2]
FACTS
In connection with a Corps of Engineers' construction contract on the Red River, Pensacola Construction Company purchased graded stone from Reed Crushed Stone Company, Inc. in Gilbertsville, Kentucky.[3] Ingram Barge Company of Nashville, Tennessee transported the stone from Gilbertsville, Kentucky to Mile 304 on the Mississippi River. Gunter Marine transported it from Mile 304 to the job site. Ingram and Gunter are independent companies unconnected with Reed. The stone cost $2.63 a ton and the freight was $5 a ton. The total transportation charges were $939,605.
The construction contract price was $4,131,558. The purchase order to Reed was for approximately 89,100 tons of stone F.O.B. point of origin with transportation via barge. Pensacola arranged for the transportation by Ingram and Gunter.[4] Reed coordinated delivery of the stone and paid the freight charges to the two carriers. Reed billed Pensacola separately for the stone and the freight. When Reed submitted one combined invoice, Pensacola returned it for correction.
After an audit, the Louisiana Department of Revenue assessed a use tax against Pensacola on the freight charges. The Louisiana Board of Tax Appeals gave judgment in favor of the Department against Pensacola for $28,721.65 plus interest of $10,368.07. After the Board denied a rehearing, Pensacola sought judicial review and the trial court decided that the transportation charges were not a part of the stones' cost and were therefore not subject to Louisiana's use tax. The court of appeal affirmed[5] on the ground that the statutory assessment of a use tax on the interstate transportation expenses violated the Commerce Clause. Since the state is entitled to an appeal under LSA-Const. art. 5, § 5(D), a writ was granted to consider the judgment.[6]

LAW
Louisiana assesses a use tax on the "cost price" of items used in the state, and a sales tax on the "sales price" of items sold in the state. LSA-R.S. 47:301(3)(a) defines cost price for use tax purposes as:
the actual cost of the articles of tangible personal property without any deductions therefrom on account of the cost of materials used, labor, or service cost, except those service costs for installing the articles of tangible personal property if such cost is separately billed to the customer at the time of installation, transportation charges, or any other expenses whatsoever, or the reasonable market value of the tangible personal property at the time it becomes susceptible to the use tax, whichever is less.
The same statute defines sales price in section 13 as:
the total amount for which tangible personal property is sold, less the market value of any article traded in including any services, except services for financing, that are a part of the sale valued in money, whether paid in money or otherwise, and includes the cost of materials used, labor or service costs, except costs for financing which shall not exceed the legal interest rate and a service charge not to exceed six percent of the amount financed, and losses; provided that cash discounts allowed and taken on sales shall not be included, nor shall the sales price include the amount charged for labor *233 or services rendered in installing, applying, remodeling, or repairing property sold.
The purpose of a state sales/use tax scheme is to make all tangible property sold or used subject to a uniform tax burden regardless of whether it is acquired inside the state and subject to a sales tax or acquired outside the state and subject to a use tax. Henneford v. Silas Mason Co., 300 U.S. 577, 57 S.Ct. 524, 81 L.Ed. 814 (1937). The complementary taxes must be non-discriminatory in effect, imposing an equal burden on use or sale. Henneford. A state may not discriminate against interstate commerce by imposing a tax which provides a direct commercial advantage to local business. Maryland v. Louisiana, 451 U.S. 725, 101 S.Ct. 2114, 68 L.Ed.2d 576 (1981).
Equal treatment for in-state and out-of-state taxpayers similarly situated is a condition precedent for a valid use tax on goods imported from out of state. Halliburton Oil Well Co. v. Reily, 373 U.S. 64, 83 S.Ct. 1201, 10 L.Ed.2d 202 (1963). In Halliburton, the Louisiana Collector of Revenue levied a use tax on the labor and shop overhead involved in the manufacture of special oil field equipment in Oklahoma, even while admitting that a Louisiana manufacturer would have paid taxes only on the cost of the raw materials. Halliburton held that this application of the Louisiana use tax discriminated against interstate commerce.
Chicago Bridge & Iron Company v. Cocreham, 317 So.2d 605 (La.1975), cert. denied, 424 U.S. 953, 96 S.Ct. 1427, 47 L.Ed.2d 359 (1975), considered the constitutionality of Louisiana's use tax under the definitions in LSA-R.S. 47:301. Chicago Bridge held that a use tax on freight from an out-of-state plant to an in-state job site was unconstitutionally discriminatory, because no sales tax was assessed on freight from an in-state plant to an in-state job site. Chicago Bridge relied on Halliburton.
In Chicago Bridge, the Collector maintained that there was equal taxation. Chicago Bridge rejected this contention because:
the out of state purchaser pays use tax fully on the element of transportation cost from state boundary to job site (or plant) while the in-state purchaser pays no tax (sales or use) on transportation cost from in-state retail shop to plant (and/or job site). Id. at 614.

Chicago Bridge held that:
insofar as the use tax is imposed upon the element of transportation cost for shipping CBI's fabricated component parts from out of state plant to in-state job site, it is unconstitutional and unenforceable because in violation of the commerce clause of the United States Constitution. Id. at 615.
The statutory definitions in LSA-R.S. 47:301 of "cost price" for use tax purposes and "sales price" for sales tax purposes do not use parallel language and are not free from ambiguity. Chicago Bridge. However, the Collector contends that the pertinent parts of the statute, which have not been amended since Chicago Bridge, have been made constitutional in application by Regulations of the Department which impose a sales tax on transportation charges when they can be identified as part of an acquisition cost and transportation is arranged by the vendor.[7]
Chicago Bridge rejected the Department's contention that its Regulations can *234 alter taxes imposed by the legislature. See Dow Chemical Company v. Traigle, 336 So.2d 285 (La.App. 1st Cir.1976), writ denied, 339 So.2d 845. LSA-Const. Art. 7, § 1. In any event, this factual situation does not fit within the Department's guidelines. Although the freight charges could be regarded as part of Pensacola's acquisition cost, the vendor, Reed, did not perform or arrange the transportation.

CONCLUSION
The use tax imposed by LSA-R.S. 47:301(3)(a) on transportation or freight charges is unconstitutional because there is no parallel assessment of sales tax. The statute has not been amended since Chicago Bridge to correct the unconstitutional discrimination between out-of-state and in-state sales.
For the foregoing reasons, the judgment of the court of appeal is affirmed.
AFFIRMED.
CALOGERO and LEMMON, JJ., concur and assign reasons.
CALOGERO, Justice, concurring.
It is well settled that courts will not consider the constitutionality of a statute unless necessary to the disposition of a case. Benson & Gold Chev. v. La. Motor Veh. Com'n, 403 So.2d 13, 23 (La. 1981); Orleans Parish School Bd. v. Williams, 312 So.2d 647 (La. 1975); State in Interest of Toler, 262 La. 557, 263 So.2d 888 (1972). Because I believe this case can be decided on grounds other than the constitutionality of LSA-R.S. 47:301(3)(a), I prefer not to join in that part of the majority's opinion in which it declares the use tax in LSA-R.S. 47:301(3)(a) unconstitutional.
I agree with the majority's opinion that the factual situation at issue does not fit within the department's regulation. That regulation provides that the cost price of goods includes transportation costs only if arranged by the vendor.[1] Although the freight charges could be regarded as part of Pensacola's acquisition cost, the vendor, Reed, did not perform or arrange the transportation in this case. Therefore, the regulation cited by the department does not apply to Pensacola's case.
I would, therefore, affirm the court of appeal insofar as it relieves the plaintiff from responsibility of paying the use tax, but on the grounds that the regulation does not apply to this situation. I find it unnecessary to rule on the constitutionality of LSA-R.S. 47:301(3)(a) in this case.
NOTES
[1] A writ was granted to be docketed as an appeal under LSA-Const. art. 5, § 5(D) because both lower courts found Louisiana's use tax statute unconstitutional.
[2] U.S. Const. Art. I, § 8, cl. 3.
[3] The contract covered the "Raven Camp Realignment in the Red River, Mile 136 to Mile 139." Tr. 65.
[4] Pensacola contacted Ingram Barge Company and found out what will be the transportation charges for Ingram Barge to take it from Gilbertsville, Kentucky to Mile 304 on the Mississippi River. Pensacola contracted and got a quote from Gunter Marine to take it from Mile 304 to the jobsite.

Testimony of Herb Martin, controller for Pensacola Construction. Tr. 48.
[5] Pensacola v. McNamara, 555 So.2d 1 (La.App. 1st Cir.1989).
[6] 556 So.2d 1252 (La.1989).
[7] Freight, delivery, handling, shipping and other services of a similar nature are included within the "sales price" base for sales tax purposes when such services are a part of the sale valued in money. In determining when such services are a part of the sale valued in money, resort should be had to the substance of the contract of sale between the seller and the buyer, and the substance of the agreement shall control over the form used by the parties. If the substance of the terms of the contract of sale is such that the seller is obligated to deliver, at his expense, the article of tangible personal property to the buyer, then in those instances it shall be deemed that the "sales price" includes the value of such services, and the sales tax base would include the value of such services. In determining the substance of a contract of sale as to whether the delivery services are the obligation of the seller or that of the buyer, resort may be had to the invoice evidencing the sale. Where the invoice evidencing the sale provides that the terms of the shipment are "F.O.B. destination," the transportation services shall be deemed to be the obligation of the seller and includable in the "sales price" as the basis for sales tax. Conversely, where the invoice evidencing the sale provides that the terms of sale are "F.O.B. origin," and if the charges for such services are separately stated on the invoice, then the "sales price" shall be deemed not to include the separately stated charges for such services, and the charges for such services shall be excluded from the sales tax base. Whether the sale is one made in intrastate or in interstate commerce is not controlling since in either case the "sales price" shall be deemed to include the charges for such services if such services are rendered by the seller in discharge of his obligation to the buyer to furnish such services as stated hereinabove, and shall be deemed not to include the charges for such services where rendered by the buyer, either personally or through an independent contractor for the buyer's account and at the buyer's expense. La. Sales and Use Tax Regulations § 4301(13).
[1] LAC 61-1.4301(3) provides: "... The only transportation charges which are to be included in the cost are the transportation charges which can be identified as part of the acquisition cost of materials, and only in cases wherein the transportation was either performed or arranged by the vendor of the materials.

"Although the point of tax incidence is at the location of use, the transportation charges for transporting the property from the owner's location of storage to the point of tax incidence is not included in the cost."