PER CURIAM.
| íPot-O-Gold, L.L.C. applied for review of the court of appeal’s reversal of the summary judgment rendered in its favor by the trial court.
The trial court determined that the waste removal services performed by the applicant were not taxable services under EBR Sales & Use Tax Ordinance 10127 § 2, which provides, in pertinent part:
(a) There is hereby levied from and after January 1, 1995, for general municipal purposes, a tax upon the sale at retail, the use, the consumption, the distribution and storage as defined herein, and upon the lease or rental of tangible personal property and the sale of services within the City at a rate of two (2%) percent. This tax is levied under the general taxing authority conferred upon the City, as ratified by Article 6, Section 6 of the Louisiana Constitution of 1974.
[[Image here]]
(e) Each of the taxes specified herein shall be levied upon the following:
[[Image here]]
(3) The gross proceeds derived from the lease or rental of tangible personal property, where the lease or rental of such property is an established business, or part of the same is incidental or germane to the business.
12Ordinance 10127 § l(p)4imits the definition of taxable “services” to those enumerated therein. Waste removal and cleaning of waste receptacles is not listed *512 in those services that are subject to the tax.[1]
The trial court noted that lessees were not required to purchase Pot-O-Gold’s cleaning and sanitation services and that the services were offered to other parties independently from Pot-O-Gold’s rental operations. The TC concluded that nontaxable services remained non-taxable regardless whether the services were performed for rental customers in conjunction with a rental.
The court of appeal, however, held that the taxability of a transaction must be determined' as a whole, and that such a determination is made based on the taxa-bility of the “true object” of the transaction. The court of appeal concluded that money collected for ordinarily nontaxable cleaning and sanitation services became taxable “by virtue of the inexorably intertwined relationship between the services and the leased property” and reversed the trial court’s judgment.
Taxing statutes are to be interpreted liberally in favor of the taxpayer and against the taxing authority. If the statute can reasonably be interpreted more than one way, the interpretation less onerous to the taxpayer is to be adopted. UTELCOM, Inc. v. Bridges, 10-0654 (La.App. 1 Cir. 9/12/11), 77 So.3d 39, 47, writ denied, 11-2632 (La.3/2/12), 83 So.3d 1046.
In this case, Pot-O-Gold provides three different options to its customers: the lease of the portable toilet with no cleaning services included; the lease of the portable toilet with cleaning services included; and the providing of cleaning services to another vendor’s portable toilet. The first option is clearly taxable and the third option is clearly not. The second option is at issue herein.
13We agree with the trial court and the dissent from the court of appeal that the second situation is not taxable and first note the inconsistency of the rulings of the Louisiana Department of Revenue, referenced by the court of appeal. In LDR RR 06-012, the LDR states that in regards to the rental of dumpsters or waste collection receptacles and waste hauling services, neither the dumpster rental nor the waste' collection service is taxable; however, in LDR RR 06-013, the LDR states that in regards to the rental of portable toilets and the removal of waste and toilet cleaning and sanitation services, both the toilet rental and the waste removal, cleaning and sanitation services are taxable. It is difficult to determine why one situation is treated differently than the other, and we agree with the appellate dissent that it is just as reasonable to find that the true object of the portable toilet transactions is the removal of human waste as it is to find that the object of the dumpster transactions is the removal of trash. As such, we find that the “true object” of the transactions is, in the least, debatable, requiring the court to adopt the interpretation urged by the applicant as the least onerous to the taxpayer.
Moreover, we also note the dissent’s reasoning that to hold that providing cleaning services for portable toilets is not a taxable event if the toilet is owned by someone else, but is a taxable service if the toilet is owned by the lessor, creates an absurd result.
*513 We therefore grant the writ application of Pot-O-Gold, L.L.C., and re-instate the judgment of the trial court granting the motion for summary judgment in its favor.
REVERSED AND REMANDED.
WEIMER, J., dissents and would grant and docket, and assigns reasons.

. EBR Sales & Use Tax Ordinance 10127 Section l(p) limits taxable services to the following: furnishing of rooms by hotels and tourist camps; sales of admission tickets to places of amusement; furnishing of storage or parking privileges; furnishing of printing services; furnishing of laundry services; furnishing of cold storage space; and the furnishing of repairs to tangible personal property-