STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

17-488


DUNCAN OIL, INC.

VERSUS

CALCASIEU PARISH SCHOOL BOARD


**********

APPEAL FROM THE
LOUISIANA BOARD OF TAX APPEALS
LOCAL TAX DIVISION, NO. L00130
CADE R. COLE, LOCAL TAX JUDGE

**********

**PHYLLIS M. KEATY**
**JUDGE**

**********

Court composed of Sylvia R. Cooks, Elizabeth A. Pickett, and Phyllis M. Keaty, Judges.


**AFFIRMED.**

Russell J. Stutes, Jr.
Stutes & Lavergne, LLC
600 Broad Street
Lake Charles, Louisiana 70601
(337) 433-0022
Counsel for Defendant/Appellee:
    Calcasieu Parish School Board

**Lauren B. Bailey**
**Attorney at Law**
**11716 Villa Avenue**
**Baton Rouge, Louisiana 70810**
**(225) 235-2865**
**Counsel for Plaintiff/Appellant:**
      **Duncan Oil, Inc.**

**KEATY, Judge.**

Plaintiff filed a petition with the Louisiana Board of Tax Appeals (the Board) for a redetermination of sales tax assessed against it by Defendant. After a trial, the Board rendered judgment granting in part and denying in part the petition, setting forth the amount of tax owed by Plaintiff to Defendant and awarding Defendant interest, penalties, and attorney fees. Plaintiff appeals. Because Plaintiff has not shown that the Board's judgment was manifestly erroneous, we affirm.

## FACTS AND PROCEDURAL HISTORY

Duncan Oil, Inc. (Duncan) specializes in oil and gas exploration and development. It owned three active and producing wells in Calcasieu Parish during the time relevant to this matter. On March 6, 2015, the Calcasieu Parish School Board (CPSB) assessed Duncan with $59,894.44 in sales and/or use tax, interest, penalties, and audit costs covering December 2010 through December 2013 (the Taxable Period). Soon afterward, Duncan petitioned the Board for a redetermination of the assessment against it, arguing that the CPSB had improperly classified non-taxable cleaning services as taxable repair services; improperly classified non-taxable charges as taxable gross proceeds in conjunction with a lease or rental; improperly classified other non-taxable services and charges as taxable services. Trial took place in June 2015, following which the Board took the matter under advisement. The Board issued a seven-page Order With Written Reasons on July 14, 2016, denying in part and granting in part Duncan's petition for redetermination, dismissing Duncan's claim and upholding the tax assessment subject to the modifications noted therein, awarding the CPSB audit costs and all applicable interest and penalties, along with attorney fees of ten percent of the

amount due. Judgment was signed on August 30, 2016, in accordance with the previously issued written reasons, providing, in pertinent part, as follows:

> V. The total amount due on the assessment of sales and use tax issued by the Calcasieu Parish School Board to Duncan Oil, Inc. for the period of December 2010 through December 2013 is calculated as follows:

| | |
|---|---|
| Tax: | $26,361.86 |
| Interest through 8/31/16: | $19,773.89 |
| Penalties: | $ 6,960.56 |
| Attorney's Fees: | $ 5,309.63 |
| Audit Cost: | $ 7,908.56 |
| TOTAL | $66,314.50 |

Duncan timely appealed and is now before this court asserting the following assignments of error:

> 1. The trial court erred in finding non-taxable cleaning services as taxable repairs under R.S. 47:301(14)(g).
>
> 2. The trial court erred in finding non-taxable services in conjunction with rentals as taxable services under R.S. 47:302(B).
>
> 3. The trial court erred in awarding penalties, attorney's fees under R.S. 47:337.13.1, and audit costs under R.S. 47:337.75.

## DISCUSSION

The standard of review applicable to this appeal was explicitly set forth by the Louisiana Supreme Court in *International Paper, Inc. v. Bridges*, 07-1151, pp. 9-10 (La. 1/16/08), 972 So.2d 1121, 1127-28 (quoting *St. Pierre's Fabrication and Welding, Inc. v. McNamara*, 495 So.2d 1295 (La.1986)):

> Judicial review of a decision of the Board is rendered upon the record as made up before the Board and is limited to facts on the record and questions of law. ***The Board's findings of fact should be accepted where there is substantial evidence in the record to support them and <u>should not be set aside unless they are manifestly erroneous in view of the evidence on the entire record</u>***.
>
> As the [*Collector of Revenue v.*] *Murphy Oil Co.*[, 351 So.2d 1234 (La.App. 4 Cir. 1977)] court annunciated:

> In this type of case, the Board acts as a trial court, its findings of fact should be accepted where there is substantial evidence in the record to support them, and should not be set aside unless they are manifestly erroneous in view of the reliable, probative and substantial evidence on the whole record. ***If the Board has correctly applied the law and adhered to correct procedural standards, its judgment should be affirmed***.

With respect to the interpretation of tax laws, the supreme court has stated:

> When a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature. This principle applies to tax statutes. It is only when there is reasonable doubt as to the meaning of a tax law that it should be strictly construed against the state and in favor of the taxpayer.

*Tarver v. E.I. Du Pont De Nemours & Co.*, 634 So.2d 356, 358 (La.1994).

## *Cleaning versus Repair*

In its first assignment of error, Duncan asserts that the Board erred in finding that its invoices concerning the removal of paraffin deposits from the tubing used to extract the hydrocarbons from their source to its wells were taxable repairs under La.R.S. 47:301(14)(g). Citing *Intracoastal Pipe Service, Co., Inc. v. Assumption Parish Sales & Use Tax Department*, 558 So.2d 1296, 1299-00 (La.App. 1 Cir. 1990), *writ granted in part, denied in part*, 563 So.2d 863 (La.1990), Duncan argues that the paraffin removal should be classified as a non-taxable cleaning service rather than taxable repair.

Louisiana Revised Statutes 47:301 provides, in pertinent part, as follows:

(14) "Sales of services" means and includes the following:

(g)(i)(aa) The furnishing of repairs to tangible personal property, including but not restricted to the repair and servicing of automobiles and other vehicles, electrical and mechanical appliances and equipment, watches, jewelry, refrigerators, radios, shoes, and office appliances and equipment.

With regard to this issue, the Board noted the following in its written reasons:

In [the] case of [*Intracoastal Pipe*] *Service, Co. Inc. v. Assumption Parish Sales and Use Tax Department, Assumption Parish School Board, Assumption Parish Police Jury*, 558 So.2d 1296 (La. App. 1st Cir 1990) the court held that cleaning oil field pipe or tubing is not a taxable service.

However, the Collector asserts the present facts are different from [*Intracoastal Pipe*] *Pipe, supra*. The Collector states that the service provided to Taxpayer in this case, the removal of paraffin from the pipe, is a taxable repair since hydrocarbons cannot flow through the pipe without the paraffin removal. The Collector argues that the cleaning in [*Intracoastal Pipe*] *Pipe* was aesthetically helpful but was not functionally required. In contrast, without the paraffin removal pipe will be unusable for the purpose for which it was intended.

There was very limited evidence introduced in this case due to the parties['] stipulation that the case be tried merely on documentary evidence. The Board finds that under the record evidence of this particular case, this paraffin removal is a repair as contemplated by R.S. 47:301(14)(g) and is therefore [] taxable.

It is evident from the Board's comprehensive reasons for judgment that it had a firm grasp of the law. The arguments that Duncan makes on appeal are essentially the same as those which it made before the Board. Given the lack of evidence presented by Duncan at the trial court level, the Board's stated rationale for ruling the way that it did, and Duncan's failure to give anything other than a conclusory assertion of why the Board's ruling was erroneous, we cannot say that the Board committed manifest error in upholding the tax assessed by the CPSB with regards to the invoices for paraffin removal. Duncan's first assigned error lacks merit.

### *Rentals*

Duncan next argues that the Board erred in finding that services rendered in conjunction with rentals were taxable under La.R.S. 47:302(B). Relying on the supreme court's holding in *Pot-O-Gold Rentals, L.L.C. v. City of Baton Rouge*, 14-2154, p. 3 (La. 1/16/15), 155 So.3d 511, 512, Duncan insists that those services were "indisputably non-taxable" and that they remained so regardless of whether

they were "performed for rental customers in conjunction with a rental." The arguments made by Duncan in relation to this alleged error are general in nature and no particular invoices are singled out for discussion.

The Board explained the following in its written reasons:

> The next element of the assessment in dispute is the taxability of certain invoices introduced into evidence as Collector Exhibit G (Taxpayer exhibits: Duncan 2 through Duncan 7). Taxpayer contends that the exhibits represent non-taxable services in conjunction with rentals. The Collector argues that the entire amount of the invoices are gross proceeds of rentals, and that the services in connection with the rentals cannot be separated from the rentals and are therefore properly taxed as part of the rentals.

> La. R.S. 47:302 B. states in pertinent part:

>> "B. There is hereby levied a tax on the lease or rental ...of each item of tangible personal property...
>> (1) at the rate of... on the <u>gross proceeds</u> derived from the lease or rental of the tangible personal...". (emphasis supplied)

> An examination of the invoices at issue shows that sales tax was paid on part of the charges, but no tax [was] paid on the part of the invoices for certain charges associated with the rental such as: inspection charges, restocking charges, environmental safety surcharges, repair charges and protection charges.

> Taxpayer asserts that its position is justified by the ruling in the case of *Pot-o-Gold Rentals LLC v. City of Baton Rouge*, 14-C-2154 (La. 1/16/15). In that case the "lessee" had the choice of three options: (1) lease the toilet with the cleaning charges; (2) lease the toilet without the cleaning charges, and (3) contract for only the cleaning services on a toilet that was not leased from Pot-o-Gold. However, in the current case it was not shown that the lessee had the option to decline the services at issue and procure them from another source.

> It was not shown that these services were severable. Therefore, the "gross proceeds" include the items that are in dispute here, and are subject to sales tax.

> Taxpayer objects to the taxability of certain invoices contained in Collector's exhibit H, namely Duncan exhibits 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18 and 19.

> Taxpayer claims that no sales tax is due on an invoice from Roho Valves, Ex. Duncan 8. Taxpayer claims that the invoice represents a charge for a Disassembly and Assembly. There was no

5

testimony or other clarifying evidence offered in connection with this invoice. It appears from the invoice that there was a charge for replacing or doing some work on a Christmas Tree on a well. It is the ruling of the Board that the charge of $1,800 is taxable, but the charge of $602 for mileage is non-taxable transportation.

Taxpayer claims that no sales tax is due on invoices from Pioneer Well, Ex. Duncan 9, because the charges are for down-hole well service for maintenance and for operated rentals. Collector contends that the services are for repair services. There was no testimony or other evidence offered in regard to sufficiently detail the nature of the transaction. The taxpayer bears the burden of proof in challenging an assessment. The invoice alone does not show the Board that the charges are for something other than taxable repair services.

Taxpayer claims that no sales tax is due on an invoice from Precision Tool, Ex. Duncan 10, because the charges are to uninstall and install a pump and are not a repair. Collector contends that the services are for repair services. There was no testimony in regard to the nature of the services rendered. The Board rules that under the record evidence of this case that this item is taxable.

Taxpayer claims that no sales tax is due on an invoice from Total Pump, Exhibit Duncan 11, because the charges are for "Labor to adjust weights —Labor only" and are not a repair. Collector contends that the services are for repair services. The Board rules that under the limited record evidence of this case this item is taxable as a repair service.

Taxpayer claims that no sales tax is due on an invoice from Landry Services, Ex. Duncan 12, because the charges are for "Uninstall/Install Pump-labor only" and are not a repair. Collector contends that the services are for repair services. There was no testimony in regard to the nature of the services rendered. The Board rules that under the record evidence of this case this item is taxable as a repair service.

Taxpayer claims that no sales tax is due on an invoice from Green's Entergy Group, Ex. Duncan 13, because the charges are for "Damaged Rental Equipment." It appears from the invoice that the charge is for "rental/sale of damaged rental equipment" and "rental charges." The Board rules that the charges are part of the gross proceeds of rental of equipment and are subject to tax.

Taxpayer claims that no sales tax is due on invoices from Mi SWACO, Ex. Duncan 14, because the charges are for "Filtration Services under maintained and operated rentals. Not a bare Rental." There was no testimony or clarifying evidence in regard to this invoice. It appears from the invoice that the charges are for rental of equipment, which is clearly taxable. There is no readily apparent tie

6

to an operator from the face of the invoice. The Board rules that under the record evidence available in this case, the taxpayer has not met its burden, and these charges are subject to tax.

Taxpayer claims that no sales tax is due on invoices from Key Energy, Ex. Duncan 15, because the charges are for "Various charges for damaged items-indemnification-not a sale". There was no testimony in regard to these invoices, and no clarifying evidence on how the charge came about other than its tie to the rental contracts. The Board rules that under the limited record evidence that the taxpayer has not met its burden, and these charges are taxable as part of the gross proceeds of the rental.

Taxpayer claims that no sales tax is due on an invoice from EMS USA, Ex. Duncan 16, because the charges are for "Pipeline tie-in; assembly charges. Not taxable; immovable." It appears that Taxpayer contends that the charges are not taxable because they were services performed on immovable property. It appears to the Board from the context of the documents available that the services were for the original work on an immovable and are therefore not subject to tax. Taxpayer claims the isolated and occasional sale exemption should apply to the transactions referenced in Duncan 17 from Grottson Construction and Duncan 18 from Kaiser-Francis Management. Both invoices indicate that they were for the sale of tangible personal property. The invoice from Grottson Construction purports to charge both local and state sales tax. La. [sic]

La. R.S. 47:301(10)(c)(ii)(bb) excludes from the definition of "sale at retail" an isolated or occasional sale by a person not engaged in such business. There was no evidence presented to the Board to show how these sales qualified for the provisions of R.S. 47:301(10). However, the Collector obtained independent verification that Grottson qualified as an isolated sale. The Board rules in favor of the Taxpayer on that issue, and in favor of the Collector on the Kaiser-Francis Management sale.

Taxpayer claims that no sales tax is due on an invoice from Champions Pipe and Supply, Ex. Duncan 19, because the charges are for "Trucking expense". The invoice has a separately stated charge for trucking.

The Board notes that a regulation of the Secretary of the Department of Revenue that attempted to impose a tax on separately-stated transportation charges, LAC 61:4301: *Sales price (a)(1)(c)*, was declared invalid by the courts of this state in *Pensacola Construction Company v. McNamara*[,] 555 So.2d 1 (La. App. 1st Cir. 1989). There is no sales tax due for separately-stated trucking. Therefore, the Board rules there is no sales tax due on this item.

Duncan again fails to provide this court with anything other than a non-specific and conclusory assertion of why the Board's ruling was erroneous. It is obvious from the Board's reasons that it carefully considered whether the CPSB had imposed unwarranted taxes on Duncan. The Board did not give a blanket approval of the taxes assessed against Duncan, and it found that taxes were not due in four instances. Thus, in light of the record evidence, we cannot say that the Board committed manifest error concerning the taxability of services rendered in conjunction with rentals. Duncan's second assignment of error is meritless.

### *Penalties, Attorney Fees, and Audit Costs*

In its final assigned error, Duncan submits that because its petition for redetermination had a "reasonable basis in law and fact," equity weighs against the imposition of penalties and attorney fees against it. It contends that it acted in good faith in challenging the taxes assessed against it and that the jurisprudence of this state recognizes a good-faith exception to the imposition of penalties and attorney fees.[1]

Duncan next submits that it did not file any "grossly incorrect reports or false of fraudulent reports" so as to subject it to application of La.R.S. 47:337.75. Finally, Duncan submits that because that statute requires an understatement of taxes in an amount of greater than "$10,000.00 per taxable period" and each month is a separate taxable period, the Board erroneously assessed audit costs against it.

The Board's written reasons provide:

> La. R.S. 47:337.75 authorizes the Board to assess examination
> and hearing costs when the taxpayer fails to make a return required by

---

[1] We find that the two cases cited by Duncan are distinguishable from this matter. The taxpayer in *BP Oil Co. v. Plaquemines Parish Government*, 93-1109 (La. 9/6/94), 651 So.2d 1322, paid the assessed tax and penalty under protest. In *St. Pierre's Fabrication and Welding, Inc. v. McNamara*, 495 So.2d 1295, 1298 (La.1986), the supreme court noted that although there were "factors mitigating against the taxpayer's good faith," there was "also substantial evidence in support of such a finding," such that the standard of review required it not substitute its judgment for that of the Board.

law. The Taxpayer in this matter had failed to file the required returns. Examination and hearing costs are hereby assessed in accordance with the foregoing statute in the maximum percentage authorized by law. La. R.S. 47:337.13.1 provides for attorney's fees.

Louisiana Revised Statutes 47:337.75(A) (emphasis added) provides, in pertinent part, as follows:

> If any taxpayer fails to make any return required by this Chapter, **or** makes a grossly incorrect report, **or** a false or fraudulent report, and the collector, in performance of his duty to ascertain the amount of tax due, makes an examination of books, records, or documents, or an audit thereof, or conducts a hearing, or subpoenas witnesses, then there may be added to the amount of tax found to be due, a specific penalty, in addition to any other penalty provided, in an amount as itemized by the collector to compensate for all costs incurred in making such examination or audit, or in holding such hearing, or in subpoenaing and compensating witnesses.

In addition, La.R.S. 47:337.13.1 authorizes the tax collector "to employ private counsel to assist in the collection of any taxes, penalties, or interest due." Here, after Duncan failed to file a return, the CPSB expended costs to have an audit performed, it hired an attorney, it challenged Duncan's petition for reassessment, and the Board rendered judgment awarding it substantially all of the tax sought in the assessment the CPSB sent to Duncan on March 6, 2015. Given the facts of this matter, we find no error in the part of the judgment that assessed penalties, attorney fees, and audit costs against Duncan.

**DECREE**

For the foregoing reasons, the judgment rendered by the Louisiana Board of Tax Appeals in favor of the Calcasieu Parish School Board and against Duncan Oil, Inc. is affirmed in its entirety. Costs of this appeal are assessed against Duncan Oil, Inc.

**AFFIRMED.**

9